IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GENE TERRELONGE, | : | CIVIL ACTION NO. 3:17-CV-0478 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN L. J. ODDO, ET AL., | : | |
| Respondents | : | |

FILED
SCRANTON

OCT 1 6 2017

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently pending are a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 451, et seq., and a motion for preliminary injunction, both of which were filed by Petitioner, Michael Gene Terrelonge, a federal inmate incarcerated at the Allenwood United States Penitentiary, in White Deer, Pennsylvania. (Docs. 1 and 5). Upon preliminary review,[1] for the reasons set forth below, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction and the motion for

---

[1] Rule 4 provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

See R. GOVERNING § 2254 CASES R. 4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R. 1(b).

preliminary injunction will be denied.

I. **Background**

The following background is extracted from the disposition on appeal affirming Petitioner's sentence and conviction in the United States District Court for the Western District of North Carolina:

> [Petitioner] was indicted on one count of conspiracy to commit bank robbery (18 U.S.C. § 371), three counts of armed bank robbery (18 U.S.C. § 2113), and three counts of brandishing and possessing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)).
>
> ................................................................
>
> [Petitioner] proceeded to trial pro se, and the jury convicted him on all counts. Thereafter, the district court sentenced [Petitioner] (who was again represented by counsel) to 744 months in prison.

United States v. Terrelonge, 520 F. App'x 151, 152 (4th Cir.2013), cert. denied, 134 S.Ct. 228 (2013). On April 10, 2013, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. Id.

In June 2014, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. United States v. Terrelonge, No. 3:14-CV-360-RJC (W.D.N.C. 2014).[2] The sentencing court denied the motion because Petitioner's claims were facially without merit and he had waived the claims by

---

[2] This Court takes judicial notice of Petitioner's electronic Section 2255 docket sheet in Terrelonge v. United States, No. 3:14-CV-360-RJC (W.D. N.C. 2014), found at https://www.pacer.gov.

failing to assert them on appeal. Terrelonge v. United States, No. 3:14-CV-360-RJC, 2015 WL 7738379 (W.D.N.C. Nov. 30, 2015). The District Court also declined to issue a certificate of appealability. Id. Petitioner did not appeal the denial of this Section 2255 motion.

On March 5, 2017, Petitioner filed the instant habeas petition, asserting the following: (1) this Court's review of his petition must be guided by 28 U.S.C. § 451, et seq., because 28 U.S.C. §§ 2241 and 2255 "were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio"; (2) he committed no crime as "Public Law 80-772 and 18 U.S.C. §§ 3231, 2213, 924(c) [] were never enacted into positive law, are unconstitutional on their face, and null, void ab initio, meaning that the [sentencing] court ha[d] NO JURISDICTION over Petitioner and his Indictment is null and void ab initio, from beginning to end"; (3) Petitioner is "not the Defendant in Case No. 3:09-cr-00229-RJC-DCK-1" (his criminal docket number); (4) his Indictment is void because the prosecution committed fraud by charging him for violating a statute "that they know was unconstitutional"; and (5) the Court violated the Separation of Powers Doctrine and Committed judicial fraud. Id.; (Doc. 1).

## II. Discussion

### A. Failure to State a Viable Cause of Action Pursuant to 28 U.S.C. § 451

As filed, the petition presents no basis for subject matter jurisdiction. In 1940, 28 U.S.C. § 451 was the statutory provision that provided authority for the district courts to issue writs of habeas corpus. See Walker v. Johnston, 312 U.S. 275, 283 (1941) (citing 28 U.S.C. § 451) ("the statutes of the United States declare that ... the district courts shall have power to issue writs of habeas corpus."). However, in its present form, Section 451 provides definitions under Title 28, Judiciary and Judicial Procedures, which, upon review, do not provide Petitioner with a viable cause of action. See 28 U.S.C. § 451. Accordingly, this Court lacks jurisdiction to consider the instant habeas petition under the provisions of 28 U.S.C. § 451, et seq. See Gasaway v. Ebbert, Civ. No. 4:10-CV-1615, 2010 WL 3632504, at *2 (M.D. Pa. Sept. 10, 2010).

Despite Petitioner's misplaced reliance on Section 451 as the source of his request for habeas relief, it is clear he seeks habeas relief. Accordingly, this Court has reviewed his habeas petition to determine whether relief is available pursuant to Section 2241 or Section 2255. See Castro v. United States, 540 U.S. 375, 382 (2003) (citations omitted) (noting that a federal court may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

## B. The Court Lacks Jurisdiction over Petitioner's Section 2241 Petition

Petitioner seeks relief from his sentence arguing that his trial, conviction, and sentencing were unconstitutional. (Doc. 1). Because Petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Third Circuit has held that a writ of habeas corpus may issue under Section 2241 only if it appears that remedy by a Section 2255 motion is inadequate or ineffective. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A Section 2255 motion is not inadequate merely because the sentencing court denied a previously-filed a Section 2255 motion, "the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d at 251; Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999)). Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. In re Dorsainvil, 119 F.3d at 251–52.

To the extent that Petitioner argues Section 2255 is "inadequate and ineffective," because it is unconstitutional, he is mistaken. (Doc. 1). The Supreme

5

Court of the United States has made clear on numerous occasions that the habeas corpus statute, including the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments, is valid and constitutional. See, e.g., Felker v. Turpin, 518 U.S. 651, 644, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996); Dodd v. United States, 545 U.S. 353, 356–57, 125 S.Ct. 2478, 2481, 162 L.Ed.2d 343 (2005); Pitman v. Clinton, 673 F. App'x 139 (3d Cir. 2017). Therefore, Petitioner may not use the saving clause of Section 2255 to enable him to file a Section 2241 petition to address challenges to his federal conviction. Accordingly, the Court will dismiss Petitioner's Section 2241 petition for writ of habeas corpus.

### C. The Court Lacks Jurisdiction over Petitioner's Section 2255 Petition

Petitioner has already filed an initial Section 2255 motion, which was denied. Petitioner must, therefore, meet the gatekeeping requirements for filing a second or successive Section 2255 motion. Pursuant to 28 U.S.C. § 2255, before a prisoner may seek a second or successive Section 2255 motion, he must obtain a certificate of appealabiity from the Court of Appeals authorizing the motion. 28 U.S.C. §§ 2255(h), 2244. If a prisoner files such a motion without first obtaining the appropriate certificate, a District Court lacks jurisdiction to entertain the motion. Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011). With respect to the instant motion, Petitioner has failed to obtain the requisite certificate from the Fourth Circuit. As such, we must either dismiss the petition or transfer it to the

Fourth Circuit Court to be treated as an application for a certificate of appealability under Sections 2244 and 2255.[3] Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). This Court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as a request to file a second or successive 28 U.S.C. § 2255 motion because the instant petition does not satisfy the standards of Sections 2244 and 2255(h). The arguments Petitioner advances do not rely on any newly discovered evidence or new constitutional rule of law that was made retroactive.

Accordingly, the petition for writ of habeas corpus will be dismissed without prejudice to Petitioner's ability to take any action he deems appropriate under 28 U.S.C. §§ 2244 and 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.

### D. Petitioner's Motion for Preliminary Injunction

Rule 65 of the Federal Rules of Civil Procedure authorizes District Courts to issue preliminary injunctions. See FED.R.CIV.P. 65. Injunctive relief is "an extraordinary remedy," which the Court may grant only "upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S.

---

[3] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

7

7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Acierno v. New Castle Cty, 40 F.3d 645, 647 (3d Cir. 1994). "[P]reliminary injunctions should not be granted when they deal with issues 'wholly outside the issues in the suit,' and seek immediate relief of a different character than the relief ultimately sought." Jones v. Sec'y Pa. Dep't. of Corr., 589 F. App'x 591, 594 (3d Cir. 2014) (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).

A month after filing his habeas petition, Petitioner filed a motion for preliminary injunction concerning the confiscation of his legal mail containing "UCC materials." (Doc. 5). He seeks issuance an order for the return of his "UCC materials" and to prohibit prison officials from interfering in "his commercial transactions and matters." (Id. at p. 2). The confiscation of Petitioner's "UCC Materials" is an issue wholly outside Petitioner's habeas matter. Therefore, the Court will deny his request for injunctive relief. To the extent Petitioner wishes to bring an access-to-courts claim concerning the confiscation of his legal materials, he may do so by filing a separate civil rights action.

## III. Conclusion

For the reasons discussed herein, the petition for habeas corpus will be dismissed without prejudice and the motion for preliminary injunction will be denied.

A separate Order will be issued.

Dated: October 16, 2017

/s/ William J. Nealon
**United States District Judge**